UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CURTIS D. COLVARD,<br><br>        Plaintiff,<br><br>   v.<br><br>SACRAMENTO SHERIFFS DEPARTMENT, et al.,<br><br>        Defendants. | No. 2:13-cv-2050-EFB P<br><br>ORDER GRANTING IFP AND DISMISSING ACTION AS *HECK*-BARRED, FOR FAILURE TO STATE A CLAIM, AND FAILURE TO NAME A PROPER DEFENDANT |

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983.[1] In addition to filing a complaint, plaintiff seeks leave to proceed in forma pauperis.

**I.   Request to Proceed In Forma Pauperis**

    Plaintiff has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

---

[1] This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1) and is before the undersigned pursuant to plaintiff's consent. *See* E.D. Cal. Local Rules, Appx. A, at (k)(4).

1

**II.     Screening Requirement and Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. at 1949.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

/////

**III.    Screening Order**

The court has reviewed plaintiff's complaint pursuant to § 1915A and finds that it must be dismissed as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), for failure to state a claim, and for failure to name a proper defendant. According to the allegations in the complaint (ECF No. 1), the district attorney made "bogus charges" against plaintiff and a judge of the Superior Court of Sacramento County allowed the case to be tried. Plaintiff claims his attorney did not "correctly" represent him, and that the judge violated the law "by letting [the] case go on." Plaintiff seeks damages for being "illegally" incarcerated for the "bogus case," to have the "charges overturned," and to be "set free immediately."

As a general rule, a challenge in federal court to the fact of conviction or the length of confinement must be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Preiser v. Rodriguez*, 411 U.S. 475 (1973). Here, plaintiff's action sounds in habeas because he is challenging the fact that he is confined to prison.

Where success in a section 1983 action would implicitly question the validity of a conviction, the plaintiff must first show that the underlying conviction was reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or questioned by the grant of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *Muhammad v. Close*, 540 U.S. 749, 751 (2004). It is implicit from plaintiff's allegations that his conviction still stands. Yet in this action, plaintiff requests that the charges be overturned and that he be "set free." By the terms of *Heck*, plaintiff is barred from collaterally challenging this underlying criminal conviction in this civil rights action.

Plaintiff also fails to plead facts sufficient to state a cognizable claim for relief. In order to state a claim under § 1983, a plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). An individual defendant is not liable on a civil rights claim unless the facts establish the defendant's personal involvement in the constitutional deprivation or a causal connection between the defendant's wrongful conduct and the alleged constitutional deprivation. *See Hansen*

1  *v. Black*, 885 F.2d 642, 646 (9th Cir. 1989); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir.
2  1978). Plaintiff has not identified any violation of a federal constitutional or statutory right, nor
3  has he pled facts that would demonstrate such a violation.
4      In addition, plaintiff has not named any proper defendants. He names the Superior Court
5  and/or the Superior Court judge as defendants. He also names his public defender and the district
6  attorney as defendants. The Sacramento County Superior Court is immune from suit under the
7  Eleventh Amendment. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989);
8  *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003) (Eleventh
9  Amendment bars suit against state superior court and its employees). The judge involved in
10 plaintiff's criminal case is also entitled to absolute immunity. *Schucker v. Rockwood*, 846 F.2d
11 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damage actions for
12 judicial acts taken within the jurisdiction of their courts . . . A judge loses absolute immunity only
13 when [the judge] acts in the clear absence of all jurisdiction or performs an act that is not judicial
14 in nature."). Likewise, state prosecutors are entitled to absolute prosecutorial immunity for acts
15 taken in their official capacity. *See Kalina v. Fletcher*, 522 U.S. 118, 123-24 (1997); *Buckley v.*
16 *Fitzsimmons*, 509 U.S. 259, 269-70 (1993); *Imbler v. Pachtman*, 424 U.S. 409, 427, 430-31
17 (1976).
18     Moreover, a public defender is not a state actor within the meaning of § 1983 in
19 representing a client in the traditional adversarial role of a lawyer. *Miranda v. Clark County,*
20 *Nevada,* 319 F.3d 465, 468 (9th Cir. 2003). Nor are attorneys in private practice. *See Simmons v.*
21 *Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Polk County v.*
22 *Dodson*, 454 U.S. 312, 318-19 (1981). Any potential claims for legal malpractice do not come
23 within the jurisdiction of the federal courts. *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir.
24 1981).
25     For these reasons, the complaint must be dismissed without leave to amend. *See Gardner*
26 *v. Martino*, 563 F.3d 981, 990 (9th Cir. 2009); *Silva v. Di Vittorio*, 658 F.3d 1090, 1105 (9th Cir.
27 2011) ("Dismissal of a pro se complaint without leave to amend is proper only if it is absolutely
28 clear that the deficiencies of the complaint could not be cured by amendment." (internal quotation

marks omitted)); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not be cured by the allegation of other facts.").

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's application to proceed in forma pauperis is granted.
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. The complaint is dismissed without leave to amend, and the Clerk of the Court shall close this case.

Dated: November 6, 2013.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE